# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RANGEL,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:18-cv-01713-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING UNOPPOSED MOTION FOR EQUITABLE TOLLLING<br><br>(ECF No. 34)<br><br>ORDER MODIFYING SCHEDULING ORDER<br><br>(ECF No. 16) |

Before the Court is a December 13, 2019 motion brought by Petitioner through counsel to equitably toll the limitations deadline under 28 U.S.C. § 2244 for filing his federal habeas petition from January 28, 2020 to February 27, 2020. Counsel represents that Respondent, through deputy attorney general Michael Dolida, does not oppose the motion.

The Court having considered the moving papers and the record in this proceeding finds the matter amendable to a decision without a hearing.

The Court has equitable jurisdiction to grant pre-petition tolling. Calderon v. U.S. Dist. Court for the Cent. Dist. of California (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part on other grounds by Calderon v. U.S. Dist. Court for the Cent. Dist. of California (Kelly V.), 163 F.3d 530, 540 (9th Cir. 1998)) (abrogated on other grounds by Woodford v. Garceau,

1

1  538 U.S. 202, 206 (2003)) (finding the one year statute of limitations under 28 U.S.C. §
2  2244(d) is not jurisdictional and is subject to pre-petition equitable tolling if "extraordinary
3  circumstances" beyond a prisoner's control make it impossible to file a petition on time).

4      Here, the Court finds extraordinary circumstances supporting the requested extension of
5  the applicable one-year filing deadline. 28 U.S.C. § 2244(d); Pace v. DiGuglielmo, 544 U.S.
6  408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of
7  establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some
8  extraordinary circumstance stood in his way."); accord Holland v. Florida, 560 U.S. 631, 649
9  (2010); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (citing
10 Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005)) ("[Petitioner] bears the burden of
11 showing that equitable tolling is appropriate.").

12      It appears that notwithstanding Petitioner's reasonable diligence in pursuing his federal
13 rights, unforeseeable health issues of appointed co-counsel, issues beyond Petitioner's control,
14 have delayed assembly, review and investigation of voluminous core and noncore records and
15 preparation of a comprehensive federal petition including complex and potentially new claims.
16 (See ECF Nos. 1-8, 20-32, and 34; see also McFarland v. Scott, 512 U.S. 849, 855-57 (1994)
17 (given the complex nature of capital habeas proceedings and the seriousness of the possible
18 penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and
19 includes a right for that counsel meaningfully to research and present a defendant's claims);
20 McCleskey v. Zant, 499 U.S. 467, 498 (1991) ("[P]etitioner must conduct a reasonable and
21 diligent investigation aimed at including all relevant claims and grounds for relief in the first
22 federal habeas petition.").

23      Additionally, there is no reason to believe that Respondent will suffer prejudice from
24 the relatively short delay that a grant of equitable tolling would entail. Deputy attorney general
25 Dolida's non-opposition to the motion appears to confirm the requested tolling is not
26 prejudicial. See Hoyos v. Wong, Case No. 09cv0388 L(NLS) 2010 WL 596443, at **4, 5
27 (S.D. Cal. Feb. 16, 2010) (among the factors courts have considered relevant in deciding the
28 question of equitable tolling are case complexity and whether the state would suffer prejudice

from the delay). Nothing suggests the requested extension of time will significantly impact the ability of Respondent to oppose any challenges raised by Petitioner to the underlying 1999 judgment.

Because the Court is extending the time for Petitioner to file a federal habeas petition, the Court finds good cause to modify the April 15, 2019 scheduling order to extend scheduled post-petition events, as provided below.

Accordingly, Petitioner's unopposed motion for equitable tolling (ECF No. 34) is GRANTED, such that:

1. Petitioner shall file the petition pursuant to 28 U.S.C. § 2254, including argument and points and authorities by not later than February 27, 2020.

2. The parties shall meet and confer regarding exhaustion issues and file a joint statement advising the Court which claims are exhausted or partially exhausted by not later than June 1, 2020.

3. Respondent shall file his answer to the federal petition, including all substantive and procedural defenses, argument and points and authorities by not later than October 28, 2020.

4. The Court's April 15, 2019 scheduling order (ECF No. 16) shall otherwise continue in full force and effect.

IT IS SO ORDERED.

Dated: **December 20, 2019**

_____
UNITED STATES MAGISTRATE JUDGE